**THE ROSEN LAW FIRM, P.A.**  
Phillip Kim, Esq. (PK 9384)  
Laurence M. Rosen, Esq. (LR 5733)  
275 Madison Avenue, 34th Floor  
New York, New York 10016  
Telephone: (212) 686-1060  
Fax: (212) 202-3827  
Email: lrosen@rosenlegal.com  
Email: pkim@rosenlegal.com  

Goldberg Law PC  
Michael Goldberg, Esq.  
13650 Marina Pointe Dr. Suite 1404  
Marina Del Rey, CA 90292  
Phone: 1-800-977-7401  
Fax: 1-800-536-0065  

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**  
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

| | |
|---|---|
| STEVEN PORTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARCHEX, INC., RUSSELL C. HOROWITZ and MICHAEL A. ARENDS,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**CLASS ACTION** |

-----------------------------------------------------X

Plaintiff Steven Porter ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Marchex, Inc. ("Marchex" or the "Company"), with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Marchex; and (c) review of other publicly available information concerning Marchex.

**NATURE OF THE ACTION**

1

1. This federal securities class action on behalf of a class consisting of all persons other than Defendants (defined below) who purchased or otherwise acquired Marchex securities between March 19, 2014 and September 18, 2014, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its officers and/or directors.

2. Marchex operates as a mobile advertising technology company in the United States and Canada.

3. On September 18, 2014, Marchex reported to investors the need to lower future guidance as a result of a shift in one of its key customer's payment model. The Company stated, in relevant part, that Marchex, "lower[ed] its 2014 call-driven revenue outlook . . . [a]s a result of revised commitments from Allstate in the fourth quarter." Marchex further stated that Allstate sought to switch its business with Marchex to a fixed-fee basis from payments made for each call.

4. On this news, shares of Marchex fell by $3.38 per share, or over 45%, to close at $4.01 per share on September 18, 2014, on unusually heavy volume.

5. Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Allstate sought to switch its business with Marchex to a fixed-fee basis from payments made for each call; (2) consequently, the Company's revenue would be negatively impacted; and (3) as a result, Defendants' public statements about the Company's

2

business, operations, and prospects were false and misleading and/or lacked a reasonable basis at all relevant times.

## JURISDICTION AND VENUE

6. The claims asserted The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

8. Venue is proper in this District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as a significant portion of the Defendants' actions, and the subsequent damages, took place within this District. Additionally, Marchex maintains an office located within this Judicial District.

9. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

10. Plaintiff, as set forth in the accompanying Certification, purchased Marchex securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

11. Defendant Marchex is a Delaware corporation headquartered in Seattle, Washington that maintains an office at 44 East 30th Street, Floor 8, New York, New York, 10016. Its common stock trades on the NASDAQ under the ticker symbol "MCHX."

12. Defendant Russell C. Horowitz ("Horowitz") was Chief Executive Officer ("CEO") and a director of Marchex at all relevant times.

13. Defendant Michael A. Arends ("Arends") was Chief Financial Officer ("CFO") of Marchex at all relevant times.

14. Defendants Arends and Horowitz are collectively referred to hereinafter as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

15. Marchex operates as a mobile advertising technology company in the United States and Canada.

### Materially False and Misleading Statements Issued During the Class Period

16. On March 19, 2014, the Company issued a press release entitled, "*Marchex Raises First Quarter 2014 Guidance*," stating in relevant part:

> SEATTLE--(BUSINESS WIRE) -- Mar. 19, 2014 -- Marchex, Inc. (NASDAQ:MCHX), a mobile advertising technology company, today announced it is updating its outlook for the first quarter of the year ending December 31, 2014.
>
> "The momentum continues to build in our business as we provide clear mobile measurement and deliver strong performance to our clients," said Russell Horowitz, Chairman and CEO of Marchex. "The combination of Marchex's ability to deliver high quality calls from our Call Marketplace combined with the insight we can deliver through our Call Analytics platform is helping us gain mindshare as a performance leader. We are excited about our progress as we start off the year and look forward to continuing to execute for our clients over the course of 2014."
>
> The following forward-looking statements reflect Marchex's expectations as of March 19, 2014 and exclude any contribution from Archeo operations, domain sales and discontinued operations and updates the guidance previously provided on February 19, 2014. Archeo operating results would be incremental and additive to our Call-Driven revenue, profitability, and other measures below:

4

Call-Driven financial guidance for the First Quarter ending March 31, 2014

| | |
|---|---|
| Call-Driven Revenue | $42 million or more, up from $40 million or more |
| Call-Driven Adjusted OIBA[] | $1.5-$2.1 million, up from $1-$2 million |
| Call-Driven Adjusted EBITDA[] | $2.5-$3.1 million, up from $2-$3 million |

Marchex plans on updating its outlook for the full year ending December 31, 2014 in early May in connection with its release of financial results for the first quarter of 2014.

17.     On May 1, 2014, the Company issued a press release entitled, "*Marchex Announces Record First Quarter Results*," stating in relevant part:

SEATTLE--(BUSINESS WIRE)--May 1, 2014--Marchex, Inc. (NASDAQ:MCHX), a mobile advertising technology company, today announced its financial results for the first quarter ended March 31, 2014.

"As the first quarter demonstrates, advertisers are increasingly turning to Marchex as they begin to boost spending in mobile performance advertising," said Russell Horowitz, Chairman and CEO of Marchex. "With the rapid adoption of mobile, consumer phone calls are fast-becoming one of the most important outcomes of mobile ad campaigns. Advertisers now want a better understanding of these over-the-phone interactions. Marchex is ideally positioned to meet this new and growing market, based on our early investment in our Call Analytics technology platform and pay-for-call marketplace."

***

**Business Outlook**

The following forward-looking statements reflect Marchex's expectations as of May 1, 2014 and exclude any contribution from Archeo operations, domain sales and discontinued operations. Archeo operating results would be incremental and additive to our Call-Driven revenue, profitability, and other measures below:

Call-Driven financial guidance for the fiscal year ending December 31, 2014

| | |
|---|---|
| Call-Driven Revenue | $171 million or more |
| Call-Driven Adjusted OIBA [] | $8 million or more |
| Call Driven Adjusted EBITDA [] | $12 million or more |

Call-Driven financial guidance for the Second Quarter ending June 30, 2014

5

| | |
|---|---|
| Call-Driven Revenue | $43.5 million or more |
| Call-Driven Adjusted OIBA [] | $1.5-$2.5 million |
| Call-Driven Adjusted EBITDA [] | $2.5-$3.5 million |

18.     On August 5, 2014, the Company issued a press release entitled, "*Marchex Announces Record Second Quarter 2014 Results*," stating in relevant part:

SEATTLE--(BUSINESS WIRE)--Aug. 5, 2014-- Marchex, Inc. (NASDAQ:MCHX), a mobile advertising technology company, today announced its financial results for the second quarter ended June 30, 2014.

"Our ability to deliver strong returns for our customers through our call advertising products drove another record during the second quarter," said Russell Horowitz, Chairman and CEO of Marchex. "Our focus on our clients' success is the cornerstone of our business. Our Call Analytics platform is enabling Marchex to provide unique intelligence and insight around calls at the same time mobile and call-based advertising is emerging as a major theme for advertisers. As a result, we are further integrating with some of our largest advertisers and landing new customers, many of which are embracing mobile performance advertising for the first time."

***

**Business Outlook**

The following forward-looking statements reflect Marchex's expectations as of August 5, 2014 and exclude any contribution from Archeo operations, domain sales and discontinued operations. Archeo operating results would be incremental and additive to our Call-Driven revenue, profitability, and other measures below:

Call-Driven financial guidance for the fiscal year ending December 31, 2014

| | |
|---|---|
| Call-Driven Revenue | $178 million or more |
| Call-Driven Adjusted OIBA [] | $10 million or more |
| Call Driven Adjusted EBITDA [] | $14 million or more |

Call-Driven financial guidance for the Third Quarter ending September 30, 2014

| | |
|---|---|
| Call-Driven Revenue | $46 million or more |
| Call-Driven Adjusted OIBA [] | $2.5-$3 million |
| Call-Driven Adjusted EBITDA [] | $3.5-$4 million |

19.     The statements referenced in ¶¶ 16-18 above were materially false and/or

misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to the Defendants or recklessly disregarded by them. Specifically, the Defendants made false and/or misleading statements and/or failed to disclose that: (1) Allstate sought to switch its business with Marchex to a fixed-fee basis from payments made for each call; (2) consequently, the Company's revenue would be negatively impacted; and (3) as a result, Defendants' public statements about the Company's business, operations, and prospects were false and misleading and/or lacked a reasonable basis at all relevant times.

### The Truth Emerges

20.     On September 18, 2014, the Company issued a press release entitled, "*Marchex Updates 2014 Guidance*," stating in relevant part:

> SEATTLE--(BUSINESS WIRE)--Sep. 18, 2014-- Marchex, Inc. (NASDAQ:MCHX), a mobile advertising technology company, today announced it is updating its outlook for the remainder of 2014.
>
> As a result of revised commitments from Allstate in the fourth quarter, Marchex is lowering its 2014 call-driven revenue outlook. However, given the growth and progress with its other customers, such as Time Warner, Bridgestone, Dish Networks, and T-Mobile, the company is reiterating its prior outlook for 2014 call-driven adjusted EBITDA. The Company is also increasing its third quarter call-driven financial outlook.
>
> While Marchex's technology has allowed it to exceed customer set goals and metrics on a pay for call basis, leading to accelerated spending of their planned commitments for the year and indications of increases for the fourth quarter, Allstate has now indicated its desire to move to a fixed fee model going forward. Under this proposed model, Marchex's economic upside would have been limited, while financial exposure to Marchex would have remained. Marchex does not believe it is in its best long-term interest to work under such an arrangement. Marchex will continue to work with Allstate as an integration partner utilizing its call analytics technology. Marchex expects this will be a relatively small financial contributor.
>
> "This outcome is disappointing, as we believe that a performance-based model is the way most companies are progressing. This is the trend we are seeing with our

customer base," said Russell Horowitz, Chairman and CEO. "Beyond Allstate, we continue to experience growth in our customer base for call-driven advertising products and believe we are early in the customer adoption phase of mobile and call-driven advertising. We will continue to focus on advancing our products and technology, investing in our existing customers and winning new ones."

**Business Outlook**

The following forward-looking statements reflect Marchex's expectations as of September 18, 2014 and exclude any contribution from Archeo operations, domain sales and discontinued operations. Archeo operating results would be additive to Call-Driven revenue, profitability, and other measures below:

Call-Driven financial guidance for the Third Quarter ending September 30, 2014

| | |
|---|---|
| Call-Driven Revenue[] | $47.5-$48.5 million or more |
| Call-Driven Adjusted OIBA[] | $2.8-$3.3 million |
| Call Driven Adjusted EBITDA[] | $3.8-$4.3 million |

Call-Driven financial guidance for the fiscal year ending December 31, 2014

| | |
|---|---|
| Call-Driven Revenue[] | $170-$172 million or more |
| Call-Driven Adjusted OIBA[] | $10 million or more |
| Call-Driven Adjusted EBITDA[] | $14 million or more |

21.     On this news, shares of Marchex fell by $3.38 per share, or over 45%, to close at $4.01 per share on September 18, 2014, on unusually heavy volume.

22.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Marchex securities traded on the NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant

8

times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

24. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Marchex securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Marchex or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

25. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

26. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

27. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and

9

management of Marchex;

- whether the Individual Defendants caused Marchex to issue false and misleading public statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading public statements;

- whether the prices of Marchex securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and,

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

28. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

29. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Marchex securities are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold Marchex securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

30. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

31. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

32. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

33. This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

34. During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the

11

other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Marchex securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Marchex securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

35. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Marchex securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Marchex's finances and business prospects.

36. By virtue of their positions at Marchex, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants

were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

37. Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of Marchex, the Individual Defendants had knowledge of the details of Marchex's internal affairs.

38. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Marchex. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Marchex's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price for Marchex's securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Marchex's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Marchex securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged upon the revelation of the alleged corrective disclosures.

39. During the Class Period, Marchex's securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be

disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Marchex securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Marchex securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Marchex's securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

40. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

41. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

42. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43. During the Class Period, the Individual Defendants participated in the operation and management of Marchex, and conducted and participated, directly and indirectly, in the

conduct of Marchex's business affairs. Because of their senior positions, they knew the adverse non-public information regarding Marchex's business practices.

44. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Marchex's financial condition and results of operations, and to correct promptly any public statements issued by Marchex which had become materially false or misleading.

45. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Marchex disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Marchex to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Marchex within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Marchex securities.

46. Each of the Individual Defendants, therefore, acted as a controlling person of Marchex. By reason of their senior management positions and/or being directors of Marchex, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Marchex to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of Marchex and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

47. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Marchex.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.   Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.   Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.   Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.   Awarding such other and further relief as this Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: November 17, 2015              Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax: (212) 202-3827

**Goldberg Law PC**
Michael Goldberg, Esq.
13650 Marina Pointe Dr. Suite 1404
Marina Del Rey, CA 90292
Phone: 1-800-977-7401
Fax: 1-800-536-0065

*Counsel for Plaintiff*